IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-00046-F

| | |
|---|---|
| THEODORE JUSTICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| THE STATE OF NORTH CAROLINA, ) | |
| FRANKLIN COUNTY, TOWN OF ) | |
| LOUISBURG, AND ROBERT H. ) | |
| HOBGOOD, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court upon Plaintiff Theodore Justice's *pro se* application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). [DE-1]. Upon consideration of Plaintiff's application and for the reasons stated herein, Plaintiff's motion is DENIED.

A litigant may commence an action in federal court *in forma pauperis* ("IFP") if he files an affidavit in good faith containing a statement of his assets and demonstrating that he cannot afford to pay the required fees of the lawsuit. *See* 28 U.S.C. § 1915(a)(1). The IFP statute is intended to ensure that indigent persons have equal access to the judicial system by allowing them "to proceed without having to advance the fees and costs associated with litigation." *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). However, "proceeding [IFP] in a civil case is a privilege or favor granted by the government." *White v. Barnhart*, Nos. 1:02-CV-556, 1:02-CV-557, 2002 WL 1760980, at *1 (M.D.N.C. July 30, 2002) (unpublished). In ruling on an IFP application, the court is required to exercise discretion in determining whether to grant or deny the application. *Id.* In *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the

Supreme Court first set forth the standard for evaluating an application to proceed *in forma pauperis*. The court held, "We think an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted). In exercising its discretion, the court is to be mindful that the ability to pay does not require that a plaintiff prove that he is "absolutely destitute." *Id.*

In his affidavit, which the court notes is not on the approved form (Application to Proceed in District Court Without Prepaying Fees or Costs - Long Form (AO 239)), Plaintiff asserts that he receives $1,820.00 per month in child support, retirement, and disability income and has three dependant minor children. [DE-1] at 1-2, 4. Plaintiff has little disposable income based on his monthly income and expenses. *Id.* at 4-5. However, Plaintiff owns an unencumbered home he values at $105,000.00. *Id.* at 3-4.

This is not the first case Plaintiff has attempted to file *pro se* in this court. On May 17, 2012, Senior United States District Judge W. Earl Britt determined that Plaintiff had failed to disclose real and personal property on his *in forma pauperis* applications and dismissed with prejudice four cases in which Plaintiff had been initially allowed to proceed *in forma pauperis*. [DE-1-1]; *Justice v. Granville Cnty. Bd. of Educ.*, No. 5:10-CV-539-BR, 2012 WL 1801949 (E.D.N.C. May 17, 2012) (unpublished), *aff'd*, 479 F. App'x 451 (4th Cir. Oct. 1, 2012); *Justice v. Farley*, Nos. 5:11-CV-00099-BR, 5:11-CV-00400-BR, 5:11-CV-00706-BR (E.D.N.C. May 17, 2012), *aff'd*, Nos. 12-1672, 12-1673, 12-1678 (4th Cir. Oct. 1, 2012). In dismissing these cases, the court determined "that plaintiff's allegations of poverty are untrue." 2012 WL 1801949, at *4. At the time of the court's prior determination, Plaintiff reported monthly

2

income of $1,017.00 and monthly expenses of $1,011.00, and the court determined Plaintiff had unencumbered real property valued at $113,500.00. *Id.* at *1. The court expressly rejected Plaintiff's claim that despite the omissions on his applications, he was actually impoverished. *Id.* at *5. Since that time, Plaintiff's monthly income has increased to $1,820.00 and his expense have correspondingly increased. [DE-1] at 1-2, 4-5. However, Plaintiff still maintains unencumbered real property he values at $105,000.00. *Id.* at 3. In yet another case Plaintiff attempted to file *in forma pauperis* in this court, *Justice v. Hobgood*, No. 5:13-CV-677-BR, (E.D.N.C. 2013), Magistrate Judge Gates denied Plaintiff's application where his financial status was substantially similar to that reported in his current application. No. 5:13-CV-677-BR, Jan. 13, 2014 Order (concluding Plaintiff "has retained his prior assets with a net value of over $110,000.00, his income has increased substantially since he was found able to pay, and his reported increase in expenses over that same period is not credible to the extent such expenses are offered to show his inability to pay court fees and costs"). Magistrate Judge Gates' order denying *in forma pauperis* status was affirmed by Senior Judge Britt, No. 5:13-CV-677-BR, May 27, 2014 Order, and the Fourth Circuit Court of Appeals, No. 14-1539, Nov. 20, 2014 Order. Plaintiff's financial status has not materially changed since he was previously denied *in forma pauperis* status in this court.

Accordingly, the court finds that based on Plaintiff's current financial status, he has failed to demonstrate sufficient evidence indicating that payment of the required court costs would deprive him or his family of the "necessities of life." *See Adkins*, 355 U.S. at 339. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without

3

[a] legal remedy if such privilege were not afforded to them." *Brewster v. N. A. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Based on Plaintiff's affidavit, the court concludes that he would not be deprived of the necessities of life or legal remedy if required to pay the filing fee.

Accordingly, Plaintiff's application to proceed *in forma pauperis* is DENIED. Plaintiff may tender to the clerk the filing and administrative fees of $400.00 no later than **March 9, 2015**. If the Plaintiffs fail to pay the filing fee in the allotted time, the clerk shall redesignate this action as a miscellaneous case and close the matter without further order from the court.

SO ORDERED, this the 6 day of February 2015.

Robert B. Jones, Jr.
United States Magistrate Judge