IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-00046-F

| | |
|---|---|
| THEODORE JUSTICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THE STATE OF NORTH CAROLINA, ) | |
| FRANKLIN COUNTY, TOWN OF ) | |
| LOUISBURG, AND ROBERT H. ) | |
| HOBGOOD, ) | |
| Defendants. | |

This matter is before the court on the *pro se* Plaintiff's objections [DE-4] to the February 6, 2015 Order [DE-3] of Magistrate Judge Robert B. Jones, Jr., denying Plaintiff's motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).

In the February 6, 2015, Order, Judge Jones concluded that Plaintiff would not be deprived of the necessities of life or legal remedy if he was required to pay the filing fee, and thus denied Plaintiff's IFP motion. Judge Jones advised Plaintiff that he could tender the $400 filing fee on or before March 9, 2015, and if he failed to do so, the Clerk of Court would designate this action as a miscellaneous case and close the matter without further order. February 6, 2015, Order [DE-3] at 4. On February 18, 2015, Plaintiff filed his objections to Judge Jones' Order. He then filed an interlocutory appeal to the Fourth Circuit Court of Appeals, which was dismissed by that court on May 21, 2015 [DE-11, DE-12]. The mandate issued on June 12, 2015 [DE-13].

Plaintiff's first objection to Judge Jones' Order is well taken: he contends that Judge Jones was without authority to deny his application to proceed IFP and should have issued a

recommendation. In an unpublished opinion, the Fourth Circuit has stated that a magistrate judge proceeding under 28 U.S.C. § 636(b) lacks authority to issue an order denying a plaintiff leave to proceed IFP. *See Hunter v. Roventini*, ___ F. App'x ___, No. 14-2259, 2015 WL 3483102, at *1 (4th Cir. June 3, 2015) (per curiam) (unpublished). Rather, a magistrate judge may "do no more than issue a recommendation" and this court must then "make a de novo determination of those portions of the magistrate judge's recommendation to which objection [was] made." *Id.* (quotations omitted; alteration in original). Accordingly, the court will view the February 6, 2015, Order as a Memorandum and Recommendation ("M&R") on Plaintiff's IFP application, and will conduct a de novo review of the application.[1]

A federal court may allow a litigant to prosecute a civil action without paying the usual required fee if the individual submits an affidavit containing a statement of his or her assets and demonstrating that he or she cannot afford to pay the required fee. 28 U.S.C. § 1915(a)(1). The IFP statute is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). An impoverished plaintiff does not have to prove that he or she is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). An affidavit to proceed IFP is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide for the necessities of life. *Adkins*, 335 U.S. at 339.

---

[1] Plaintiff also objects that he was not told that he could file an objection to Judge Jones's order. Given that Plaintiff did, in fact, file an objection to the order, the court does not find any basis to afford Plaintiff any relief as to that objection.

2
Case 5:15-cv-00046-F   Document 14   Filed 07/17/15   Page 2 of 3

After conducting a de novo review of Plaintiff's IFP application, the court concludes that it should be allowed. Plaintiff's application reveals that his total income is $1,820 per month, or $21,840 per year. His expenses total $1819 per month.[2] Additionally, since Plaintiff filed his previous applications with the court, he now has two additional dependents. *Compare* IFP Application [DE-1] ¶ 7 with *Justice v. Hobgood*, No. 5:13-CV-677-BR slip op. at 5 n.3 (E.D.N.C. May 27, 2014) (noting that Plaintiff had at least one dependent). As Plaintiff notes, his current income renders his four-person household below the federal poverty guidelines. *See* Annual Update of the HHS Poverty Guidelines, 80 Fed. Reg. 3236 (Jan. 22, 2015). Under these circumstances, the court declines to adopt the M&R of the magistrate judge, and Plaintiff's application [DE-1] is ALLOWED.

Accordingly, the Clerk of Court is DIRECTED to file Plaintiff's Complaint, and refer this matter to the Honorable Robert B. Jones, Jr., for preparation of a memorandum and recommendation on frivolity review of Plaintiff's Complaint.

SO ORDERED. This the 17 day of July, 2015.

James C. Fox
Senior United States District Judge

---

[2] The court observes that at least one other judge has found Plaintiff's estimate of his expenses to be troubling. *See Justice v. Hobgood*, No. 5:13-CV-677-BR, slip op. at 6 (E.D.N.C. May 27, 2014). In this case, the court will assume that Plaintiff is being forthright and honest in the representation of his expenses. Plaintiff is no doubt now well aware that any misrepresentation of his expenses is at his peril to proceed *in forma pauperis*.