IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-00046-F

| | |
|---|---|
| THEODORE JUSTICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| THE STATE OF NORTH CAROLINA, ) | |
| FRANKLIN COUNTY, TOWN OF ) | |
| LOUISBURG, and ROBERT H. ) | |
| HOBGOOD, *Honorable Chief Judge*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court to consider Plaintiff's complaint [DE-15] and conduct a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), it is recommended that the complaint be dismissed.

## I. STANDARD OF REVIEW

After allowing an application to proceed *in forma pauperis*, the court must still review the allegations of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose

factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'") (citation omitted). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent

standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Here, Plaintiff alleges that "[t]he Defendants have made it impossible to collect money awarded in a small claims court action adjudicated over twenty-five months ago and counting." Compl. [DE-15] at 5 ¶ 14. Further, he states that "Defendant has failed to provide adequate relief or remedy to collect money owed to Plaintiff or rule on any of his motions. The Defendants have unreasonably delayed disposition of [Plaintiff's] motions." *Id.* at 6 ¶ 15. Plaintiff filed a small claims court complaint in the Franklin County district court (a North Carolina state court) on October 5, 2012. *Id.* at 7 ¶ 20. The small claims court action concluded in Plaintiff's favor on November 21, 2012. *Id.* The respondent in the small claims court action filed an appeal on December 3, 2012. *Id.* Subsequently, Plaintiff filed a motion to dismiss the appeal on December 13, 2012, and the following motions between December 2012 and 2014: a motion for summary judgment, a motion for default judgment, a motion to change venue, and a motion to compel. *Id.* According to Plaintiff, "Defendants failed to adjudicate. Defendants inflict unjustified and discriminatory delays. The inaction is egregious and causes the denial, watering down, and abridgement of Mr. Justices' [sic] fundamental right to due process guaranteed by the United States Constitution." *Id.* Plaintiff sought

3

a Writ of Mandamus from both the North Carolina Court of Appeals and the Supreme Court of North Carolina as to Defendant Judge Robert H. Hobgood. *Id.* ¶ 21. Plaintiff states that "both Courts refused without explanation to command the defendant either to perform the act demanded or to appear before the court at a specified time to show cause for not performing it." *Id.* at 7-8 ¶ 21.

In the instant case, Plaintiff purports to assert claims pursuant to 42 U.S.C. § 1983 for violations of procedural due process and equal protection and seeks declaratory and injunctive relief, in addition to "an order to compel the Defendants to perform its duty as required by law pursuant to 28 U.S.C. § 1361 [the federal writ of mandamus statute.]" Compl. [DE-15] at 8-12.

"Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of *its own* jurisdiction." *Lopez v. S.C. States Atty. Gen.*, C.A. No. 3:09-010-PMD, 2009 WL 528299, at *2 (D.S.C. Mar. 2, 2009) (unpublished) (citing 28 U.S.C. § 1361; *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969) (per curiam)). "A federal district court may issue a writ of mandamus only against an employee or official *of the United States.*" *Id.* (citing *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam) (discussing how federal courts lack jurisdiction over mandamus actions where the plaintiff seeks to have the federal court compel an officer or employee of a state to perform an action)). Federal courts routinely deny requests to issue writs of mandamus compelling state officials to perform an action. *See Gurley*, 411 F.2d at 586-87 (concluding that since the Fourth Circuit does not possess appellate jurisdiction over the North Carolina state courts, it was without jurisdiction to issue the petitioner's requested writ of mandamus, where petitioner sought to compel the Superior Court of Mecklenburg County to provide him with a free trial

transcript); *Lopez*, 2009 WL 528299, at *2-3 (determining that "[i]n absence of federal jurisdiction to issue the writ of mandamus sought, this case is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)" where petitioner asked the court to order the South Carolina Attorney General to show cause for the unreasonable delay in petitioner's post-conviction relief hearing). Plaintiff in this complaint seeks an order from this federal district court compelling a state court judge to take action in his state court case. However, this court does not have jurisdiction to issue a writ of mandamus in this circumstance. *See Lopez*, 2009 WL 528299, at *2 ("A federal district court may issue a writ of mandamus only against an employee or official *of the United States*.") (citation omitted). Thus, "[i]n absence of federal jurisdiction to issue the writ of mandamus sought, this case is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)."[1] *Id.* at *3.

Further, to the extent that Plaintiff is asking this court to review the decisions by the North Carolina appellate courts declining to issue a writ of mandamus in Plaintiff's favor, the *Rooker-Feldman* doctrine bars the court's exercise of jurisdiction as well. *See id.* ("The submission of a 'motion' that can most closely be interpreted as a petition for a Writ of Mandamus in this case does not alter the fact that Petitioner is in part attempting to have this Court review proceedings of a South Carolina state court, something this court cannot do."). Under the *Rooker-Feldman* doctrine, federal courts lack subject-matter jurisdiction to sit in appellate review of judicial determinations made in state courts. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v.*

---

[1] While Plaintiff purports to allege other claims aside from his request for a writ of mandamus, it is clear that Plaintiff's focus in this court is seeking a writ of mandamus compelling Judge Hobgood to take action on the pending motions in Plaintiff's state court case. *See* Compl. [DE-15] at 11 ¶ 2 (Plaintiff states that he "is entitled to declaratory relief holding that Defendants are mandated to uphold the civil and constitutional rights of all Americans," but goes on to state in the same paragraph that he "is therefore entitled to . . . an order to compel the Defendants to perform its duty as required by law pursuant to 28 U.S.C. § 1983."). Thus, Plaintiff's other claims are simply derivative of his request for a writ of mandamus. Further, Plaintiff makes no factual assertions involving any of the other named Defendants aside from Judge Robert Hobgood.

*Fid. Trust Co.*, 263 U.S. 413 (1923). Jurisdiction to review such decisions lies with superior state courts and, ultimately, the United States Supreme Court. *See* 28 U.S.C. § 1257(a). Thus, Plaintiff cannot seek recourse for the denial of his petitions for writs of mandamus by the North Carolina appellate courts in this court, as it lacks jurisdiction to review those actions.

### III. CONCLUSION

For the reasons stated herein, it is RECOMMENDED that Plaintiff's Complaint [DE-15] be dismissed.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **September 11, 2015** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v.*

*Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

SUBMITTED, the 25 day of August 2015.

_____
Robert B. Jones, Jr.
United States Magistrate Judge