IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-00046-F

| | | |
|---|---|---|
| THEODORE JUSTICE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| THE STATE OF NORTH CAROLINA, FRANKLIN COUNTY, TOWN OF LOUISBURG, AND ROBERT H. HOBGOOD, *Honorable Chief Judge*, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court for consideration of the Memorandum and Recommendation (hereafter "M&R") [DE-16] issued by United States Magistrate Judge Robert B. Jones, Jr. Therein, Judge Jones recommends that pro se Plaintiff Theodore Justice's Complaint be dismissed as frivolous. *See* M&R [DE-16] at 6. Justice has filed an Objection to the M&R [DE-17].

A district court may "designate a magistrate judge ... to submit ... proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). The court then must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Pursuant to 28 U.S.C. § 1915(e)(2), this court must dismiss an action found to be frivolous or malicious, which fails to state a claim on which relief may be granted, or seeks money damages from a defendant who is immune from such recovery. *See Cochran v. Morris,*

73 F.3d 1310 (4th Cir. 1996) (discussing *sua sponte* dismissal for frivolity under predecessor statute 28 U.S.C. § 1915(d)). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 US. 319, 325 (1989). Although in conducting a frivolity review a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

In the M&R, Judge Jones observes that this court is without authority to issue the relief sought by Plaintiff—a writ of mandamus compelling a state court judge to take action in Plaintiff's state court case. *See* M&R [DE-16] at 4–5. Further, Judge Jones notes that "to the extent that Plaintiff is asking this court to review the decisions by the North Carolina appellate courts declining to issue a writ of mandamus in Plaintiff's favor, the *Rooker-Feldman* doctrine bars the court's exercise of jurisdiction as well." *Id.* at 5.

In his objection to the M&R, Plaintiff argues that his complaint has been "misconstrued as a petition for mandamus," but that in fact he seeks relief under 42 U.S.C. § 1983. Obj. M&R [DE-17] at 1. Accordingly, Plaintiff requests that the court strike the portions of the complaint requesting a writ of mandamus or grant leave to amend the complaint. *Id.* at 17. Disregarding Plaintiff's request for mandamus, however, the complaint still fails a frivolity review. Stripped down to its essence, Plaintiff's complaint requests that this court review the decisions of North Carolina state courts. As the M&R correctly concludes, this court is without jurisdiction to do so. *See* M&R [DE-16] at 5–6 (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923)). Jurisdiction to review Plaintiff's claims lies with the superior state courts and, ultimately, the Supreme Court of the United States. *See* 28 U.S.C. § 1257(a).

2

Accordingly, the court ADOPTS the recommendation [DE-16] as its own; Plaintiff's claims are DISMISSED as frivolous.

SO ORDERED.

This, the 16 of September, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge